### HENRY J. WHITING *vs.* TIMOTHY ALDRICH.

Worcester.    Sept. 30, 1874. — June 22, 1875.    COLT & MORTON, JJ.,
absent.

The plaintiff's cattle, taken by the defendant to pasture, escaped through the defend-
ant's negligence, and were impounded by a third person, and replevied by the de-
fendant in the name of the plaintiff, who gave bond with sureties, the defendant
promising to hold the plaintiff harmless and pay all expenses. Suit was brought
on the bond against the plaintiff. The defendant conducted the defence alone, and
retained counsel to appear and act in his behalf. Judgment was recovered against
the plaintiff. *Held*, the defendant admitting his liability to pay the judgment and
other expenses, including the plaintiff's personal services, that the plaintiff was not
entitled to recover the counsel fees which were voluntarily paid by him.

A count for money paid cannot be maintained without proving actual payment or its
equivalent.

CONTRACT for money paid to the defendant's use and at his
request. At the trial in the Superior Court, before *Allen*, J.,
the defendant's counsel, at the close of the plaintiff's evidence,
asked the judge to rule that there was no evidence to warrant the
jury in finding a verdict for the plaintiff for the fourth and fifth
items of his bill of particulars. The judge declined to give this
instruction, and submitted the case on all the items of the account
to the jury, with appropriate instructions, to which no exceptions
were taken. The jury returned a verdict for the plaintiff for the
full amount claimed, and the defendant alleged exceptions. The
nature of the case appears in the opinion.

*W. S. B. Hopkins*, for the defendant.

*G. F. Verry & A. J. Bartholomew*, for the plaintiff.

ENDICOTT, J. It appears from the bill of exceptions, that in
1865 the defendant took the cattle of the plaintiff to pasture.
Through his negligence they escaped, and were impounded by one
Smith. The defendant wished to replevy them, and did so in the
name of the plaintiff, who, upon request, gave bond with sureties,

the defendant promising that he would hold the plaintiff harmless, and pay all expenses. The replevin writ was not returned by the officer, and suit was brought on the bond by Smith against the plaintiff. The summons was given by the plaintiff to the defendant, who undertook the defence, employed counsel, and again agreed to pay the expenses, and hold the plaintiff harmless. The controversy was really between the defendant and Smith, the plaintiff being the party of record. The result of the suit was a judgment against Whiting. The defendant declined to pay it, except on certain conditions, and the plaintiff brings this action to recover the amount of the judgment he was obliged to pay, together with other sums alleged to have been paid by him · in the suits.

No question is made by the defendant that the plaintiff is entitled to recover the sum paid by him on the judgment in *Smith* v. *Whiting*, the money paid for witness fees and subpœnas in that suit, the costs on the replevin writ, and also the sum of one hundred dollars for personal services rendered the defendant in both suits. But he denies that the plaintiff can recover the counsel fees included in the third and fourth items of his bill of particulars; and at the trial requested the court to rule upon the evidence, all of which is reported in the bill of exceptions, that the jury would not be warranted in finding a verdict for the plaintiff on these items. The court declined so to rule, and the only question is whether there was any evidence upon which the jury could find a verdict for the plaintiff on those items. Upon a careful examination of the evidence, we are of opinion that there was not.

These items are for counsel fees alleged to have been paid by the plaintiff to Mr. Bartholomew and Mr. Verry; Mr. Bartholomew only was employed in the replevin suit, and both were employed in defence of the suit brought by Smith. It appears from the testimony of the plaintiff, that the defendant had the entire control and management of both suits, and that the plaintiff took no part therein, except, at the request of the defendant, he did what he could to assist him, and gave no advice in the matter except as the defendant asked him. He did not employ or retain Mr. Bartholomew or Mr. Verry, and charged the defendant for his services rendered during the controversy. It also appears that both counsel were retained and employed by the defendant

to appear and act in his behalf.   Upon these facts, the plaintiff made no contract with, and was not liable to pay either counsel for services rendered in prosecuting or defending suits in which he was merely a nominal party, and in which he himself acted and rendered personal service to the defendant for which he demands compensation; the real party being the defendant, by whom both counsel were retained and employed.

The promise of the defendant to hold the plaintiff harmless, and to pay the bills, was a contract of indemnity, and, so far as the plaintiff is concerned, must be construed to mean that he should be protected from all liability which the use of his name would impose upon him, and should be paid all debts actually incurred by him, and for his services.   Neither of these items for counsel fees falls within the contract.   The services thus rendered the defendant, in the absence of an agreement, cast no liability upon the plaintiff, merely because he was party of record.   The contract of indemnity cannot be held to cover an authority to the plaintiff to pay all bills incurred by the defendant in these suits, which the plaintiff might choose to pay.   The defendant has the right to deal with such bills himself.   The payment, therefore, to Mr. Verry, was a voluntary payment, and, even if made under a mistake of legal liability, cannot create a debt against the defendant.   *Bancroft* v. *Abbott*, 3 Allen, 524.   The same would be true of the bill of Mr. Bartholomew, even if the plaintiff had paid it.   But the plaintiff testifies that he had not paid it, though in his declaration he seeks to recover this item also, as for money paid.   The count for money paid cannot be maintained without proving actual payment, or that which is equivalent to payment , *Power* v. *Butcher*, 10 B. & C. 329, 346; *Cornwall* v. *Gould*, 4 Pick. 444; *Doolittle* v. *Dwight*, 2 Met. 561; and the case does not fall within *Smith* v. *Pond*, 11 Gray, 234, relied on by the plaintiff.

The learned judge therefore erred in declining to give the ruling requested.                    *Exceptions sustained.*